IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

————————

No. 26-3609

UNITED STATES OF AMERICA,

Plaintiff-Appellant

v.

ADRIAN FONTES, in his official capacity as Secretary of State for the
State of Arizona,

Defendant-Appellee

————————

ON APPEAL FROM THE ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF ARIZONA

————————

UNITED STATES' MOTION TO HOLD THE
BRIEFING SCHEDULE IN ABEYANCE PENDING
RESOLUTION OF RELATED NINTH CIRCUIT PROCEEDINGS

————————

Plaintiff-appellant United States respectfully requests that the Court hold the briefing schedule in abeyance pending decisions from the panel in United States v. Oregon, No. 26-1231 (9th Cir. argued May 19, 2026), and United States v. Weber, No. 26-1232 (9th Cir. argued May 19, 2026). Counsel for defendant Arizona Secretary of State Adrian Fontes has been informed of the United States' intent to file this Motion and

consents to this request. In support of the Motion, counsel states as follows:

1. This appeal arises from an action by the United States Department of Justice (DOJ) against Arizona Secretary of State Adrian Fontes alleging, inter alia, that Secretary Fontes violated Title III of the Civil Rights Act of 1960 (CRA), 52 U.S.C. 20701 et seq., which requires state election officials to retain certain federal election records and allows the federal government to demand such records. Specifically, the DOJ alleged that Secretary Fontes violated the CRA by refusing the Attorney General's demand for an electronic, unredacted copy of Arizona's Statewide Voter Registration List (SVRL) to determine Arizona's compliance with the National Voter Registration Act of 1993 (NVRA), 52 U.S.C. 20501 et seq., and the Help America Vote Act of 2002 (HAVA), 52 U.S.C. 20901 et seq.

2. On April 28, 2026, the district court granted Secretary Fontes's Motion to Dismiss, concluding that the DOJ is not entitled to the SVRL under Title III of the CRA. The district court relied upon the reasoning of the district court's decision in United States v. Benson, 819 F. Supp. 3d 753 (W.D. Mich. 2026), appeal pending, No. 26-1225 (6th Cir.

argued May 13, 2026), holding that the SVRL was generated by the Secretary of State and therefore did not "come into . . . possession" of the Secretary's office as required by the CRA. Doc. 48, at 5-12 (quoting 52 U.S.C. 20701).

3. The Oregon and Weber appeals pending before this Court present substantially the same legal issues as the present appeal in a similar procedural posture. This appeal, like Oregon and Weber, will raise questions such as whether the DOJ adequately stated the basis and purpose of its demand for an electronic, unredacted copy of a State's SVRL under Title III of the CRA; whether the SVRL is a record which came into the possession of the defendant relating to any application, registration, payment of poll tax, or other act requisite to voting in a federal election; and whether the DOJ's demand violates federal privacy laws. Doc. 35, at 5-12, 14-17; see U.S. Br. 14-39, Oregon (No. 26-1231); U.S. Br. 12-48, Weber (No. 26-1232).

Under these circumstances, this Court should place the briefing schedule in abeyance pending the panel decisions in Oregon and Weber. Regardless of the outcome, decisions by this Court in Oregon and Weber will govern this appeal as binding circuit precedent. The decisions in

those appeals will likely resolve or, at a minimum, substantially redefine, the issues in this case. This Court may therefore properly "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Mediterranean Enters., Inc. v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983) (quoting Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 863-864 (9th Cir. 1979)).

Moreover, prior to decisions in Oregon and Weber, briefing in this case will substantially duplicate the briefing in Oregon and Weber. Much of that briefing may then be overtaken by decisions in those cases. Accordingly, the United States has not sought to expedite this appeal, as it did Oregon and Weber, to spare the parties the burden of duplicative and potentially obsolete briefing. Holding the briefing schedule in this appeal in abeyance pending Oregon and Weber thus remains the most efficient means for this Court to resolve this case.

4. The United States has informed counsel for Secretary Fontes of its intent to file this Motion, and counsel has consented to the government's request.

- 4 -

5. The United States reserves the right to seek an expedited appeal in this case following the decisions in Oregon and Weber.

6. In the event that the decisions in Oregon and Weber are adverse to the United States, and the government decides to seek rehearing en banc in those cases, the government further reserves the right to move at that time to consolidate this appeal with Oregon and Weber and seek initial hearing en banc in this case under Federal Rule of Appellate Procedure 40(g).

WHEREFORE, the United States respectfully requests that this Court hold the briefing schedule in abeyance pending panel decisions in United States v. Oregon, No. 26-1231 (9th Cir. argued May 19, 2026), and United States v. Weber, No. 26-1232 (9th Cir. argued May 19, 2026).

Respectfully submitted,

HARMEET K. DHILLON
 Assistant Attorney General

JESUS A. OSETE
 Principal Deputy Assistant
 Attorney General

s/ Andrew G. Braniff
ANDREW G. BRANIFF
MEREDITH L. BAKER
 Attorneys
 Department of Justice
 Civil Rights Division
 Appellate Section
 P.O. Box 14403
 Ben Franklin Station
 Washington, D.C.  20044-4403
 (202) 532-5803

Date:  June 12, 2026

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 800 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f). This motion also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5) and (6) because it was prepared in Century Schoolbook 14-point font using Microsoft Word for Microsoft 365.

s/ Andrew G. Braniff
ANDREW G. BRANIFF
Attorney

Date: June 12, 2026